UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-10-12

ONDER ALTAS, *et al.*,

                    Plaintiffs,

-v-

PHILIPPE NORTH AMERICA
RESTAURANTS LLC, *et al.*,

                    Defendants.

No. 12 Civ. 5032 (RJS)
<u>ORDER</u>

<u>RICHARD J. SULLIVAN</u>, District Judge:

    The Court is in receipt of letters from each of the parties setting forth their respective positions on (1) the language of the proposed notice to potential opt-in plaintiffs; (2) the timeframe for Plaintiffs to mail the notice to potential opt-in plaintiffs; and (3) whether a corrective notice should be posted in Defendants' restaurants.

    The parties' disagreement over the language of the proposed notice to potential opt-in plaintiffs concerns two sentences that Defendants wish to include over Plaintiffs' objections. First, after the statement, "The Court has not yet determined who is right and who is wrong and there has been no determination that anyone is owed or will be paid any money," Defendants want to include the following line: "Therefore, to the extent that any statement has been made to you that you will be paid a monetary amount if you join this lawsuit is incorrect and should be disregarded [sic]." Defendants argue that such a line is necessary because Plaintiffs' counsel has allegedly guaranteed potential opt-in plaintiffs that they would receive an award if they joined the lawsuit – an allegation Plaintiffs categorically deny. Second, after the statement that it is illegal for Defendants to retaliate against individuals who join the lawsuit as plaintiffs, Defendants want to include the following line: "Phillipe Restaurant does have the right to operate

its business and make business decisions that are not done in retaliation for an individual joining this lawsuit." Defendants argue this line is necessary to clarify that not every business decision that adversely affects a plaintiff in this action represents retaliation against that party for joining the lawsuit.

The Court is not persuaded of the need for either of the disputed sentences. Defendants appear to take it for granted that Plaintiffs' counsel made improper guarantees to potential opt-in plaintiffs, but Plaintiffs' counsel denies that allegation and the Court has made no such finding. Furthermore, Defendants' proposed language is unnecessary in light of the previous sentence, which is not subject to dispute and which makes it clear that no liability, and thus no damages, have been determined. Defendants' proposed language adds little other than hinting that Plaintiffs' counsel is not trustworthy. Turning to the second disputed sentence, which concerns Defendants' right to operate its business, the Court finds that this sentence is also unnecessary and, if anything, is more likely to intimidate potential opt-in plaintiffs than to clarify, in any meaningful way, Defendants' rights. Defendants are of course free to make legitimate business decisions, but the Court finds that their proposed language is unwarranted. Accordingly, IT IS HEREBY ORDERED THAT the disputed sentences shall not be included in the notice to potential opt-in plaintiffs.

The parties also disagree over how much time Plaintiffs should have to mail the notice to potential opt-in plaintiffs. Plaintiffs request ten days based on their estimate of the time necessary to complete the mailing. Defendants request that Plaintiffs have only five days to mitigate the risk to improper communications between Plaintiffs and potential opt-in plaintiffs. The Court notes that Defendants' concerns, once again, assume that which has not been established – namely, that Plaintiffs have already improperly communicated with potential opt-ins. The Court has already ordered Plaintiffs to communicate with potential opt-ins only via the agreed-upon notice. That order is sufficient to address Defendants' concerns. At the same time,

however, Plaintiffs do not explain why ten days – a period of time in which parties routinely prepare full legal memoranda – is required for what is fundamentally a clerical task of preparing mailings. Accordingly, IT IS FURTHER ORDERED THAT Plaintiffs shall have seven days to mail notices of the lawsuit from the time they receive the names and addresses of Defendants' current and former employees.

Finally, the parties disagree over whether Defendants should be required to post a corrective notice regarding the lawsuit in their restaurants. Plaintiffs cite two cases for the proposition that courts routinely approve requests to post such notices, but those cases concern notices of lawsuits, not corrective notices. *See Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 449 (S.D.N.Y. 2011); *Garcia v. Pancho Villa's of Huntington Village*, 678 F. Supp. 2d 89, 96 (E.D.N.Y. 2010). Moreover, the Court has warned Defendants against discussing the lawsuit with their employees, particularly in a manner that could be construed as intimidation. Accordingly, the Court finds that the notice of lawsuit is sufficient for the time being to address Plaintiffs' concerns regarding intimidation. Plaintiffs may, of course, bring further evidence of intimidation to the Court's attention, and if they do, the Court will reconsider the need for posting corrective notices. Accordingly, Plaintiffs' request that Defendants be required to post curative notices is HEREBY DENIED.

SO ORDERED.

Dated:   December 10, 2012
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE